IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BMO HARRIS BANK NA                                              PLAINTIFF

v.                           No. 3:16-cv-272-DPM

RAD TRANSPORTATION LLC and
CHARLES S. BRIGHT                                              DEFENDANTS

ORDER

1. BMO Harris Bank seeks judgment against RAD Transportation LLC and Charles Bright for breach of contracts. RAD entered into seven loan and security agreements with a lender for the purchase of tractor trailers and other vehicles; the lender then assigned all its rights under the agreements to BMO Harris Bank. Later, BMO Harris and RAD modified each of the agreements. Under the agreements, RAD agreed to repay the original loan sum in monthly installments; interest on past due amounts; delinquency charges for past due amounts; and all expenses and attorney's fees associated with enforcing the agreement. RAD also agreed to pay the full accelerated balance of all payments due if it defaulted. № 1 at 2–14. Charles Bright owns all of RAD, and personally guarantied his company's obligations under the agreements. № 1 at 14–16. RAD defaulted. After RAD and Bright refused BMO Harris's

demands for full payment, the bank repossessed the vehicles. They were sold, but the proceeds weren't enough to cover the debt.

BMO Harris sued RAD and Bright and properly served them in November 2016. *№ 7 & 8*. Neither RAD nor Bright timely answered. FED. R. CIV. P. 12(a)(1)(A). (RAD eventually answered, but late. RAD hasn't moved to answer out of time or explained why its answer was timely. *№ 14*. The Court therefore strikes RAD's answer, *№ 13*.) The Clerk entered defaults as to both defendants, *№ 10 & 11*, and BMO Harris now seeks a default judgment and costs.

**2.** The bank's motion is granted. The amount of liability is discernible from the record facts, so no hearing is necessary. FED. R. CIV. P. 55(b)(2); *Taylor v. City of Ballwin, Missouri*, 859 F.2d 1330, 1332–33 (8th Cir. 1988).

At the time of default on the loan, the unpaid loan balances totalled $543,963.21. Since then, the bank has received $169,266.88 in proceeds from selling the vehicles, $69,011.00 in insurance proceeds for the loss of a tractor trailer, and $1,320.84 in post-default partial payments. These amounts reduced the debt. BMO Harris also requests interest of 1.5% per month on this balance of $304,364.49—$4,565.47 per month. *№ 15 at ¶ 9*. The interest

accrued over the 13.1 months from 31 March 2016 (the date of default) to today is $59,807.66. BMO Harris also requests $27,198.16 in late fees (5% of the unpaid loan balance as of the date of default), $200.00 in repossession costs, and $804.59 in costs associated with this litigation. All this has been documented and is covered by the parties' agreements. Adding these amounts, the grand total is $392,374.90.

BMO Harris also seeks attorney's fees of $2,500.00. The work done and payment for it were both reasonable. The total fee request is granted. The Court will enter judgment for BMO Harris for $392,374.90, an attorney's fee of $2,500.00, and post-judgment interest as allowed by 28 U.S.C. § 1961.

\* \* \*

Answer, № 13, stricken. Supplemented motion, № 12 & 15, granted. So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 May 2017